IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN PEOPLES, individually and on       :
behalf of all persons similarly situated,  :
                                           :
                  Plaintiff,               :
                                           :         CIVIL ACTION NO.
vs.                                        :
                                           :         1:08-CV-3558-CC
REYNOLDS AMERICAN, INC., et al.,           :
                                           :
                  Defendants.              :

## ORDER

This matter is presently before the Court on Defendants' Motion to Dismiss the Complaint for Failure to State a Claim [Doc. No. 20]. The Court finds that the motion to dismiss is due to be granted.

## I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. While detailed factual allegations are not required in order to withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed 2d 929 (May 21, 2007).[1]

---

[1] In Twombly, the United States Supreme Court rejected the frequently-quoted "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), explaining that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 562-63.

The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Id. at 555. "In evaluating such a motion, [the court] accept[s] the factual allegations in the complaint as true and . . . construe[s] them in the light most favorable to the plaintiff." 75 Acres, L.L.C. v. Miami-Dade County, 338 F.3d 1288, 1293 (11th Cir. 2003) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)).  The Court evaluates the plausibility of the grounds pleaded in support of the claims for relief, rather than either their possibility or probability.  See Twombly, 550 U.S. at 555-57.

A court evaluating a Rule 12(b)(6) motion may not consider matters outside the pleadings unless the court treats the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 and gives all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); see also Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1185 (M.D. Ala. 2000).  The court may, however, consider documents attached to the complaint and documents referenced in the complaint that are central to the plaintiff's claims.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364 (11th Cir. 1997).

## II.   FACTS

The instant action, a putative class action brought pursuant to the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., was filed by Plaintiff Steven Peoples on November 17, 2008.  Plaintiff alleges that Defendants, acting in concert, engaged in a scheme to maximize profits that involved making false statements and concealing documents.  A class action lawsuit was brought in Louisiana (hereinafter the "Louisiana action") to compel Defendants to pay for Spiral CT screening to detect lung cancer.  Defendants hired Dr. Denise Aberle, the national principal investigator of the National Cancer Institute's

("NCI's") lung cancer random clinical trial, as an expert witness to testify against Spiral CT screening so that Defendants would not have to pay for Spiral CTs. As a direct result of Defendants' influence on Dr. Aberle, the NCI has not recommended Spiral CT screening as public policy and the medical standard of care. Plaintiff, who was at high risk for lung cancer and covered by medical insurance, was denied the right to have his insurance pay for Spiral CT screening. Plaintiff is over the age of 50 and has been smoking a pack of cigarettes a day for more than 20 years. Plaintiff's doctor would order Plaintiff's Spiral CT, but the doctor told Plaintiff that his insurance company would not pay for the test because the NCI does not recommend Spiral CT screening.

Spiral CT detects lung cancer at stage 1. The NCI does not recommend Spiral CT screening to detect lung cancer. Instead, the NCI is conducting a random clinical trial to measure mortality benefits from early detection of lung cancer. Defendants knew that if Dr. Aberle and the NCI did not recommend Spiral CT screening to detect lung cancer, a state court jury would be more likely to vote in Defendants' favor and not make Defendants pay for the screening. On July 23, 2003, Defendants argued to the jury in the Louisiana case that they should not have to pay for Spiral CTs because Dr. Aberle and the NCI did not recommend them. Plaintiff alleges that Dr. Aberle and the NCI decision to conduct a random clinical trial to measure mortality benefits from early detection rather than to recommend Spiral SCT screening as public policy is a fraud on Plaintiff.

Plaintiff alleges that lung cancer is the leading cause of cancer-related deaths in the United States and is currently diagnosed when it causes symptoms. By the time lung cancer causes symptoms, the prognosis is very poor. Stage 1 is the earliest and most curable stage. Dr. Aberle testified that, in her expert opinion, low-dose Spiral CT screening for lung cancers for smokers and former smokers in the State of

Louisiana was not reasonably necessary according to current scientific principles. It is Dr. Aberle's opinion that it is not known whether screening for lung cancer with Spiral CT will actually decrease the number of cancer deaths in smokers or improve their quality of life and that detection of stage 1 lung cancer at the time it can be surgically removed and treated would do more harm than good to Plaintiff and putative class members.   Spiral CT screening for lung cancer is considered experimental by Dr. Aberle, the NCI, and Defendants.   Dr. Aberle would recommend Spiral CT if she was convinced that it would reduce lung cancer mortality.  Dr. Aberle has received numerous grants from the NCI and has had contact with individuals in the NCI throughout her career.

In his RICO claim, Plaintiff alleges that Defendants conducted the affairs of the NCI through a pattern of racketeering and distorted the entire body of public knowledge about Spiral CTs and the importance of early detection.  It is Plaintiff's position that Defendants are jointly and severally liable from the date of June 2000, the date Dr. Aberle was hired.  Plaintiff alleges that Defendants associated and participated in the conduct of the affairs of the NCI through a pattern of racketeering activity, that Defendants used the wires to communicate with and hire Dr. Aberle, engaged in bribery of a public official and in a scheme to deprive Plaintiff of the intangible right to Dr. Aberle's honest services, and that Defendants influenced the NCI's decision not to recommend Spiral CT screening.  A punitive damages claim is also included in the Complaint.

III.    ANALYSIS

A.    Causation

Defendants first take the position that Plaintiff's RICO claim must be dismissed because Plaintiff alleges only an indirect link between Defendants' action and his alleged injury.  Defendants submit that RICO liability requires that the

plaintiff's injury be the direct result of Defendants' misconduct.  The Court has carefully reviewed Plaintiff's Complaint to identify the injury that Plaintiff alleges in this case.  Plaintiff alleges that he was denied the right to have his insurance company pay for a Spiral CT as a result of Dr. Aberle and the NCI's failure to recommend Spiral CT screening.  Plaintiff identifies his injury as the loss of payment for medical expenses.  (See Compl. ¶8.)  In his brief in response to Defendants' motion to dismiss, Plaintiff states that the injury alleged "is to the standard of care to order and pay for Spiral CTs." (Memorandum in Response to Motion to Dismiss [Doc. No. 21], p. 3.)   Plaintiff alleges various facts regarding Defendants' participation in and influence on Dr. Aberle's and the NCI's failure to recommend Spiral CT screening for early detection of lung cancer.  Plaintiff raises claims under 18 U.S.C. §§ 1962(c) and 1962(d).

For RICO claims under § 1962(c), proximate cause is an essential element of recovery.  "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006).  The requirement of a direct relationship between the violation and the injury saves courts from having to apportion damages attributable to distinct factors.  Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 269-70, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992).  Plaintiff submits that Defendants, through Government officials, told his insurance company that Spiral CT screening was not the standard of care.    The Court agrees with Defendants' position that Plaintiff's Complaint fails to set forth allegations that would satisfy RICO's direct injury requirement. "[C]ourts should scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused by the claimed RICO violations." Williams v. Mohawk Indus., 465 F.3d 1277, 1287 (11th

Cir. 2006) (citing <u>Anza</u>, 547 U.S. at 458, 126 S. Ct. at 1997).

Plaintiff alleges that Defendants hired Dr. Aberle as an expert witness in the Louisiana case, communicating with her through mail and by phone, that Defendants influenced Dr. Aberle, and by extension the NCI, not to recommend Spiral CT screening as the standard of care for detecting lung cancer. Because the NCI does not recommend Spiral CT as the standard of care, Plaintiff's insurance company will not pay for the test and Plaintiff's physician has not ordered Spiral CT screening, which has injured Plaintiff. The Court agrees with Defendants' position that this course of events, beginning with Defendants' hiring of Dr. Aberle as an expert witness in the Louisiana case and ending with Plaintiff's insurance company's refusal to pay for Spiral CT screening for Plaintiff, is too attenuated to establish that Defendants' communication with Dr. Aberle directly caused Plaintiff's insurance company to refuse to pay for a Spiral CT to detect early lung cancer. Moreover, Plaintiff's Complaint is lacking in any factual detail regarding how Defendants influenced Dr. Aberle. There are no allegations suggesting that Dr. Aberle or the NCI had recommended Spiral CT screening as the standard of care prior to Defendants contact with Dr. Aberle. The Court concludes that Plaintiff has failed to allege sufficient facts to establish proximate cause as required to state a claim for relief under § 1962(c).[2]

B.     Other Grounds for Dismissal

Even if the Court were to find that Plaintiff's Complaint includes sufficient

---

[2] Plaintiff's § 1962(d) claim also fails because "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1191 (3rd Cir. 1993); <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1269 (11th Cir. 2004) (noting that where a complaint fails to state a substantive RICO claim, the conspiracy allegation "simply concludes that the defendants 'conspired and confederated' to commit conduct which in itself does not constitute a RICO violation").

allegations of proximate cause, the Court would agree with Defendants' position that Plaintiff has failed to state a claim for RICO relief because he is seeking damages relating to personal injury, rather than damages to business or property, and that Plaintiff has failed to establish that he has suffered a financial loss, for the reasons stated in Defendants' brief.

## IV.    CONCLUSION

For the reasons and to the extent stated herein, the Court **GRANTS** Defendants' Motion to Dismiss the Complaint for Failure to State a Claim [Doc. No. 20] and **DISMISSES** Plaintiff's Complaint.

The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 11th day of September, 2009.

s/  *CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE